

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 29, 1962

Honorable V. D. Housworth
Executive Secretary
State Board of Barber Examiners
512 State Office Building
Austin, Texas

Opinion No. WW-1430

Re: Whether students in a barber
school may be compensated for
services performed by them
while in school.

Dear Mr. Housworth:

Your recent request for opinion on the above caption-
ed subject informs us that a barber school operating within
this State charges a nominal fee for services performed by
their students, which fee ordinarily covers the costs of main-
tenance of the school. You inform us that this is an accepted
practice, but that the school in question is paying the student
barbers a certain commission on the services performed by them,
hence this request for opinion.

Article 734a of Vernon's Penal Code states in part
as follows:

"Section 1. It shall be unlawful for
any person to engage in the practice or
attempt to practice barbering in the State
of Texas without a certificate of registra-
tion as a registered barber issued pursuant
to the provisions of this Act, by the Board
of Barber Examiners hereinafter created.

"Sec. 2. It shall be unlawful for any
person to serve or attempt to serve as an
assistant barber under a registered barber
within the State of Texas without a certifi-
cate of registration as a registered assist-
ant barber, issued by the Board herein pro-
vided for.

". . ."

"Sec. 4. Barber shop, as defined herein, shall mean any place where barbering is practiced in this State, and the practice of barbering is hereby defined to be the following practices for hire or reward when not done in the practice of medicine, surgery, osteopathy or necessary treatments of healing the body by one authorized by law to do so;

"(a) Shaving or trimming the beard or cutting the hair.

"(b) By giving any of the following treatments by any person engaged in shaving or trimming the beard and/or cutting the hair;

"(1) Giving facial and scalp messages, or applications of oils, creams, lotions, or other preparations, either by hand or electrical appliances;

"(2) Singeing, shampooing, or dyeing the hair or applying hair tonics;

"(3) Applying cosmetic preparations, antiseptics, powders, oils, clays, or lotions to the scalp, face, neck, or that part of the body above the shoulders.

" . . .

"Sec. 6. It shall be unlawful for any person to follow the occupation of cutting hair, or practice as a haircutter in any beauty shop or hair dressing parlor or elsewhere for hire as hereinbefore provided unless excepted by this Act, unless such person shall have first obtained a Certificate, as herein provided, which certificate shall authorize the cutting of hair only in such parlor or establishment where such haircutting is for hire or reward. . . ." (Emphasis added)

In regard to student barbers enrolled in a barber school, we quote as follows from Section 9 of Article 734a:

"(d) Anything to the contrary in this Act notwithstanding, each such school shall place a sign on the front outside portion of its

building in a prominent place. Such sign
shall read 'BARBER SCHOOL--STUDENT BARBERS,'
and shall be a minimum size of ten-inch
block letters. Printed signs containing
the foregoing information shall be prominent-
ly displayed upon each inside wall of the
establishment

"(e) A minimum of five (5) one-hour
periods of each week shall be devoted to
the instruction of theory in the classroom
with Saturdays being devoted exclusively to
practical work over the chair. An attendance
record book must be maintained by the school
showing a record of the students' daily at-
tendance. These records are subject to in-
spection at any and all times by the Board."
(Emphasis added)

As we construe the Texas Barber Law, the legisla-
tive intent of the statutes governing the establishment and
operation of barber schools is that a prospective barber is
required to complete a prescribed course of study in a school
before he may be issued a certificate of registration. Part
of his education as a student is devoted to "practical work
over the chair," with which work you are concerned. We con-
strue this practical work as an instrumental part of the
student's education, and find no authority allowing such
student barbers to "practice for hire or reward" when they
do not hold a valid certificate of registration.


S U M M A R Y


Students in a barber school, who
are completing their prescribed
course of study, may not be com-
pensated or paid a commission on

services performed by them while
in school.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Fred D. Ward

Fred D. Ward
Assistant

FDW:wb:zt


APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Robert Rowland

Joe Osborn

Dwain Erwin

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore